Harris County - County Civil Court at Law No. 2

6/28/2022 4:34 PM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE NO. 1187437

| | | |
|---|---|---|
| MARGARITA MORENO | § | IN THE COUNTY CIVL COURT |
| | § | |
| VS. | § | AT LAW NUMBER _____ |
| | § | |
| DILLARD'S INC. dba DILLARD'S, | § | |
| DILLARD TEXAS EAST, LLC dba | § | |
| DILLARD'S and | § | |
| DILLARD TEXAS, LLC dba | § | |
| DILLARD'S | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Margarita "Margie" Moreno, Plaintiff, complains of Dillard's Inc. dba Dillard's, Dillard Texas East, LLC dba Dillard's, and Dillard Texas, LLC dba Dillard's, Defendants, for bodily injuries caused by an unreasonably dangerous condition on the premises in Dillard's department store at Memorial City Mall.

### Discovery Control Plan

1. This is a level two case.

### Rule 47(c)

2. Ms. Moreno seeks monetary relief less than $250,000 including damages of any kind.

### Parties

3. Plaintiff, Margarita "Margie" Moreno, is an individual residing in Harris County, Texas.

4. Defendant, Dillard's Inc. dba Dillard's is a foreign corporation conducting business in Harris County, Texas. It may be served with citation through its registered agent: CT Corp. System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

5. Defendant, Dillard Texas East, LLC dba Dillard's is a foreign limited liability company conducting business in Harris County, Texas. It may be served with

**EXHIBIT A**

citation through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

6. Defendant, Dillard Texas, LLC dba Dillard's is a foreign limited liability company conducting business in Harris County, Texas. It may be served with citation through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

**Venue and Jurisdiction**

7. Venue is proper in Harris County because Plaintiff's cause of action accrued in Harris County, Texas.

8. The Court has jurisdiction over the defendants because they conduct business in Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court.

**Rule 28 Motion**

9. Pursuant to Texas Rule of Civil Procedure 28, Ms. Moreno hereby moves the defendants to identify their true name if they have been named incorrectly.

**Notice of Use of Discovery**

10. Ms. Moreno gives notice to all parties that she intends to use documents or items produced or received in discovery as exhibits at trial.

**Facts**

11. This lawsuit results from a large glass shelf falling on Ms. Moreno's foot while shopping at Dillard's department store, Memorial City Mall, 900 Memorial City Way, Houston, Harris County, Texas, 77024 on June 30, 2020. Ms. Moreno was shopping at Dillard's for bed linens. She lifted a package of linens enclosed in plastic

**EXHIBIT A**

packaging when suddenly and without warning the glass shelf on which the linens had been resting came loose and fell on her foot. Unknown to Ms. Moreno, the plastic packing had adhered to the glass shelf so when Ms. Moreno lifted the plastic package, the shelf came loose then fell on her foot. The weight of the heavy shelf caused significant pain to her foot. Ms. Moreno went to the emergency room that day because of the severe pain caused by the shelf. Thereafter, she sought treatment from a podiatrist and received physical therapy. Ms. Moreno was under doctor's care for almost two years, but her foot has never returned to normal. To this day, Ms. Moreno is unable to wear any of her normal shoes on her damaged foot.

12. Defendants managed, controlled, occupied, and maintained Dillard's department store at Memorial City Mall on the date in question. Dillard's department store failed to prevent, warn, and eliminate the unreasonably dangerous condition of an unsecured glass self on which merchandise was displayed. The failure to prevent, secure or warn of the unsecured glass shelving on which merchandise was displayed proximately caused serious and permanent injuries to Ms. Moreno for which she seeks fair compensation.

### Invitee

13. Ms. Moreno was an invitee at Dillard's department store.

### Negligence

14. Defendants failed to act with ordinary care and prudence when it placed merchandise on a glass shelf that was not secured in place. It is foreseeable that the glass shelf could fall from its bracket if it is not secured properly. The unsecured glass shelf created an unreasonably dangerous condition, and such condition was not open and

**EXHIBIT A**

obvious. Defendants failed to act with ordinary care and prudence when it failed to prevent the glass shelf from falling and failed to warn Ms. Moreno, an invitee, of the existence of an unsecured glass shelf. The failure of Defendants to act with ordinary care and prudence proximately caused serious and permanent injuries to Ms. Moreno for which she now seeks fair and just compensation.

### Damages

15. As a proximate cause of Defendants' carelessness and imprudence in permitting the unreasonably dangerous condition on the premises and failing to warn of the unreasonably dangerous condition, Ms. Moreno suffered the following damages to which she is entitled at law to recover:

    a. Physical pain and mental anguish sustained in the past;

    b. Physical pain and mental anguish that, in reasonable probability, Ms. Moreno will sustain in the future;

    c. Disfigurement sustained in the past;

    d. Disfigurement that, in reasonable probability, Ms. Moreno will sustain in the future;

    e. Physical impairment sustained in the past;

    f. Physical impairment that, in reasonable probability, Ms. Moreno will sustain in the future;

    g. Medical care expenses incurred in the past; and

    h. Medical care expense that, in reasonable probability, Ms. Moreno will incur in the future.

### Prayer

Based on the foregoing, Plaintiff, Margarita "Margie" Moreno, asks that Defendants be cited to appear and answer, and on final trial, that Ms. Moreno have judgment against Defendants, jointly and severally, for:

**EXHIBIT A**

a. Actual damages resulting from the incident in question;

b. Pre-judgment and post-judgment interest at the highest legal rate;

c. Costs of suit; and

d. All other relief the Court deems appropriate.

Respectfully submitted,

THE GREENWOOD PRATHER LAW FIRM, PC

By: /s/ Kelly G. Prather
Kelly Greenwood Prather
TBA: 00796670
2009 North Durham Drive
Houston, Texas 77008
(713) 333-3200 telephone
(713) 621-1449 telecopier
Efile: kgreenwood@midtownlegal.com
*Attorney for Plaintiff*

**EXHIBIT A**